statutes of descent and distribution, share and share alike, to Anna, Thomas, and the plaintiff through his mother. So that now the plaintiff, Anna Johnson, and Thomas Farrell are tenants in common, each owning one-third of the property here sought to be partitioned.

Under the facts stated in the petition, the plaintiff is entitled to have his portion of the real estate in question set off to him in severalty, and a division thereof ought to be made consistently with this opinion.

Common Pleas Court of Hamilton County.

EDGAR FRIEDLANDER, TREASURER V. GAROPHELIA T. BROWN.

Decided September 27, 1932.

*Robert N. Gorman*, Prosecuting Attorney, and *Robert G. Brunsman*, Assistant Prosecuting Attorney, for the motion.

*Taft, Stettinius & Hollister* and *John W. Hudson*, contra.

RYAN, J.

Heard on motion to confirm sale.

It appears from the record that on April 29, 1931, the plaintiff instituted an action against the defendant, Garo-

phelia T. Brown, as the owner of the premises described in the first cause of action of the petition, and against other defendants as owners or persons interested in the premises described in the other separate causes of action set forth.

Upon the filing of the petition, summons was issued for and served upon some of the defendants other than Garophelia T. Brown named in the other causes of action.

On June 28, 1931, service by publication based on a defective affidavit was set aside and held for naught. At this time Section 5713, General Code, which required six publications of the notice for constructive service, was in full force and effect. On October 4, 1931, Section 5718-3, General Code, repealing Section 5713 went into effect. This amended section provided for one publication of the notice for constructive service instead of six.

The plaintiff, on November 23, 1931, filed a new affidavit and service was ordered to be made on Garophelia T. Brown and others by publication. Up to this point the plaintiff had pursued the procedure provided for in Section 5713, but from this point the plaintiff followed the procedure provided for in the amended Section 5718-3, and a single publication of notice for constructive service was made as therein provided.

On motion to confirm the sale made pursuant to decree of foreclosure, the validity of the constructive service of summons is questioned. Sections of the General Code pertinent thereto are as follows:

Section 26, General Code—"Whenever a statute is repealed or amended, said repeal or amendment shall in no manner affect pending actions, prosecutions or proceedings, civil or criminal, and when the repeal or amendment relates to the remedy, it shall not affect pending actions, prosecutions or proceedings unless so expressed, nor shall any repeal or amendment affect causes of action, prosecutions or proceedings existing at the time of such amendment or repeal, unless otherwise expressly provided in the amending or repealing act."

Section 11279, General Code:—"A civil action must be commenced by filing in the office of the clerk of the proper court, a petition and causing a summons to be issued thereon."

The pertinent part of Section 5718-3, General Code, as amended, reads as follows:

"It shall be the duty of the prosecuting attorney of the county, upon the delivery to him by the county auditor of a delinquent land tax certificate, to institute a proceeding thereon in the name of the county treasurer to foreclose the lien of the state, in any court of competent jurisdiction within nine months thereafter unless the taxes, assessments, penalty, interest and charges are sooner paid, and to prosecute the same to final judgment and satisfaction. The proceedings for such foreclosure shall be instituted and prosecuted in the same manner as is now or hereafter may be provided by law for the foreclosure of mortgages on land in this state, *excepting that if service by publication is necessary, such publication shall be made once instead of provided by Section 11295 of the General Code, and the service shall be complete at the expiration of three weeks after the date of such publication* * * *"

Section 5704-a, General Code, which went into effect with Section 5718-3, provides:—

"This act shall take effect on or after the earliest date allowed by the constitution. Lands and lots certified as delinquent after this act takes effect, shall be so certified pursuant to the provisions of this act, and all further proceedings for the collection of delinquent taxes, assessments, penalties, interests and costs thereon shall be in accordance with this act."

On consideration of the questions presented, the Court is of the opinion that the pending action referred to in Section 26, General Code, is the proceeding embracing all causes of action and the parties thereto, and not the separate causes of action set forth in the petition, and that it was not the intention of the Legislature that different methods of procedure be required for the several causes of action in one proceeding.

The Court is of the further opinion that this was a pending action at and prior to the time when Section 5718-3, General Code became effective and that the procedure defined in Section 5713 should have been pursued to the conclusion of this cause.

The motion to confirm the sale will, therefore, be overruled.